IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| BRUDER HEALTHCARE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>BIGWALL ENTERPRISES, INC. and WALGREEN CO.<br><br>  Defendants. | CIVIL ACTION FILE<br>No. 1:13-cv-04138-SCJ |

### ORDER

This patent infringement action comes before the Court on Plaintiff's Second Motion to Reinstate Administratively Closed Case. Doc. No. [49].[1]

The relevant facts pertaining to this motion are as follows. On June 22, 2015, the Court administratively closed this action pending the outcome of the Reexamination of United States Patent No. 8,420,882 (hereinafter, the "'882 Patent" or "patent-in-suit") by the United States Patent and Trademark Office

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

("USPTO"). Doc. No. [36]. The Court further stated that this action may be reopened upon motion of either party to be made at the appropriate time. Id. at p. 2.

On September 20, 2018, Plaintiff filed its first Motion to Reinstate Administratively Closed Case, stating that the USPTO had concluded the reexamination proceeding and issued an Ex Parte Reexamination Certificate confirming the patentability of the '882 Patent. Doc. No. [38]. Plaintiff therefore argued that the basis for administratively closing this action had ended and that it should be returned to the active docket. Id. Defendants, in response, stated that a second reexamination request had been filed and that this action should not be reinstated until the second reexamination had been completed. Doc. No. [39]. On November 9, 2018, Defendants filed a Supplemental Response to Plaintiff's Motion to Reinstate, in which they informed the Court that the USPTO had granted their request for a second reexamination of the '882 Patent. Doc. No. [41]. Thereafter, on February 26, 2019, Defendants filed an additional "Notice," stating that the USPTO had rejected all Plaintiff's claims of the patent-in-suit. Doc. No. [44].

Accordingly, on June 27, 2019, the Court denied Plaintiff's Motion to Reinstate Administratively Closed Case. Doc. No. [48]. Pertinent to the Court's

decision was the fact that while the USPTO had rejected all the claims of the patent-in-suit, Plaintiff had the right to appeal the USPTO's decision. Id. at pp. 5–6. Thus, it could not be said that the USPTO had reached a "final" decision on the merits with respect to the reexamination of the '882 Patent. Id. at p. 6. Consequently, this action remained administratively closed. Id.

On August 7, 2019, Plaintiff filed its presently-pending Second Motion to Reinstate Administratively Closed Case. Doc. No. [49]. Therein, Plaintiff states that on August 1, 2019, the USPTO concluded the Second Reexamination proceeding and issued an Ex Parte Reexamination Certificate confirming the patentability of the '882 Patent. Id. at p. 2. Therefore, Plaintiff again contends that the basis for administratively closing this action has ended and that this action should be returned to the active docket. Id.

Defendants, in response, do not dispute that this action should be reopened. Doc. No. [52]. Rather, Defendants request that this Court allow the parties until September 27, 2019 to consider and pursue settlement discussions. Id. at p. 3. Thereafter, if the case does not settle, Defendants request that the Court order Plaintiff to file an amended complaint, to which Defendants will

3

file an answer, and the parties to file an amended Joint Preliminary Report and Discovery Plan.[2] Id.

As September 27, 2019 has now come and gone and the parties have yet to settle this action, Defendants' request to allow the parties to consider and pursue settlement discussions is deemed moot. However, given that this action has been administratively terminated for over four years, and in light of the various reexamination proceedings of the patent-in-suit before the USPTO, the Court believes that amended pleadings are warranted.[3]

Accordingly, Plaintiff's Second Motion to Reinstate Administratively Closed Case is **GRANTED**. Doc. No. [49]. The Clerk is hereby **DIRECTED** to **REOPEN THIS ACTION**. Defendants' Motion and Response to Plaintiff's Second Motion to Reinstate Administratively Closed Case is **DEEMED MOOT in part and GRANTED in part**. Doc. No. [52]. The motion is deemed moot with

---

[2] Defendants are reminded that all requests for Court action must be made by motion—not in a response brief to Plaintiff's motion. See Fed. R. Civ. P. 7(b)(1).

[3] Furthermore, as Defendants correctly note in their response, Plaintiff's original complaint relied on the now abrogated Form 18 to plead claims of patent infringement. See Hi-Tech Pharm., Inc. v. Hodges Consulting, Inc., 230 F. Supp. 3d 1323, 1335–36 (N.D. Ga. 2016) ("Rule 84 and its forms, including Form 18, were abrogated in December 2015 . . . . [A]fter the forms were abrogated, courts have almost unanimously held that all patent claims and counterclaims are subject to the pleading requirements of Iqbal and Twombly.") (citations omitted).

4

respect to their request to allow the parties until September 27, 2019 to consider and pursue settlement discussions. The motion is granted with respect to their request that the Court order amended pleadings and an amended Joint Preliminary Report and Discovery Plan. Plaintiff shall therefore file an amended complaint by **December 10, 2019**. Defendants shall file an answer to the amended complaint by **December 31, 2019**. The parties shall then file an amended Joint Preliminary Report and Discovery Plan by **January 30, 2020**.

IT IS SO ORDERED this 18th day of November, 2019.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE